UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 13–cr–315–03–03 |
| –vs– | JUDGE DRELL |
| SERGIO REYES CASTILLO (03) | MAGISTRATE JUDGE KAY |

### RULING AND ORDER

Before the Court is a motion filed by defendant Sergio Reyes Castillo ("Defendant" or "Castillo") for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 510). For the following reasons the motion is **DENIED**.

I.   Background

Castillo was sentenced to a mandatory minimum of 120 months incarceration after pleading guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). (Doc 323). His goodtime release date is currently set for March 12, 2022. (Doc. 510–1 p4). Castillo claims extraordinary and compelling circumstances exist because of the COVID–19 pandemic in tandem with diabetes, hyperlipidemia, depression, and hip pain which he says places him at an increased risk of severe illness or death.

II.   Law and Analysis

District courts are "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." United States v. Shkambi, 993 F.3d 388, 393 (5th

Cir. 2021). Having exhausted his administrative remedies before the Bureau of Prisons, the relevant text of § 3582(c)(1)(A)(i) reads as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>> (A) the court, ... upon motion of the defendant ..., may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### A. Extraordinary and Compelling

Castillo claims extraordinary and compelling circumstances exist because he has diabetes, hyperlipidemia, hip pain, and depression which he claims increases his risk of severe illness or death if he catches COVID–19. We disagree because Castillo has failed to show how his medical conditions predispose him to COVID–19 in any manner that is "extraordinary" as compared to the "usual" predisposition experienced by the general inmate population having similar medical conditions. United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021).

In Thompson, the Fifth Circuit reasoned that ...

> it is uncertain that [Thompson] is at a significantly higher risk than is the general inmate population. In fact, nearly half of the adult population in the United States suffers from hypertension. And roughly 12% of Americans suffer from high cholesterol. Thus, we cannot say that either of those conditions makes Thompson's case "extraordinary." Unfortunately, both are commonplace.

Id. (footnote citations omitted). As recognized in Thompson, hyperlipidemia or high cholesterol affects roughly 12% of the US population. Diabetes is no different. Both

affect swaths of the U.S. population, inmate or otherwise, and as such are commonplace medical conditions. Further, his claim of hyperlipidemia is based upon slightly above normal triglycerides, and his claim of diabetes is mild, does not require medication, and has only been reported upon once. (Doc. 510–2 ps. 2, 22). Regarding his hip pain and depression, the CDC does not recognize that either increase the risk of severe illness from COVID–19. Castillo even reported that on March 29, 2021 his hip pain has significantly reduced since a replacement surgery and that his depression is well controlled by the antidepressants. (Doc. 510–2 p2). Finally, Castillo has been vaccinated which significantly reduces his risk of severe illness or death from COVID–19. In other words, his conditions are mild, not terminal, and manageable; he is able to provide basic self-care; and he has been vaccinated against COVID-19.

Accordingly, we do not find that Castillo's medical conditions rise to the level of "extraordinary" as beyond what the general inmate population is usually subjected to in the context of the COVID–19 pandemic. Although the ubiquitous nature of the pandemic has given rise to extraordinary times, our common experience of fear is not extraordinary. See Thompson, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."). Castillo's fear of severe illness from COVID–19 is shared by many, incarcerated or otherwise, and is, therefore, "commonplace." Id.

### B. Section 3553(a) factors

Even had we found that Castillo was authorized to receive a reduction, consideration of the § 3553(a) factors weighs against modification. Castillo was part of a conspiracy to import methamphetamine from Mexico into the United States and the subsequent distribution of methamphetamine within Texas and Louisiana. (Doc. 316 "PSR" ¶ 13); 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Castillo was responsible for distributing at least 1.5 kilograms of methamphetamine. PSR ¶ 16; 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Such quantity subjected Castillo to a mandatory minimum of 10 years under 21 U.S.C. § 841(b)(1)(A), his guideline range was 97 to 121 months, and he was sentenced to the mandatory minimum. PSR ¶¶ 51–52; 18 U.S.C. § 3553(a)(2)(A)–(C), (3). The mandatory minimum and applicable guidelines have not been significantly amended since in any manner as to benefit Castillo. 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (4). A reduction below statutory minimums and guideline ranges would serve as a "sentencing disparity among defendants with similar records who have been found of guilty of similar conduct. Id. at (6). These factors weigh against modification.

### III. Conclusion

For the reasons listed above, it is hereby **ORDERED** that Castillo's motion, (Doc. 510), for sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 1st day of November ~~October~~, 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT